This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39550**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**JACOB EARICKSON,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Shannon Murdock, District Judge**

Hector H. Balderas, Attorney General
Cole P. Wilson, Assistant Attorney General
Santa Fe, NM

for Appellant

Jaworski Law
William S. Jaworski
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** The State appeals from the district court's order granting Defendant's motion to suppress. In this Court's notice of proposed disposition, we relied on appellate presumptions and proposed to summarily affirm. Appellant filed a memorandum in opposition on July 14, 2021, which we have duly considered. We remain unpersuaded that Appellant has shown error and we therefore affirm.

**{2}** The State's memorandum in opposition continues to assert that the district court misapplied the law to the facts and has provided clarification of the relevant facts to his

claim. According to the memorandum in opposition, a deputy testified that he conducted a traffic stop on Defendant because Defendant's registration plate was not visible due to a plastic covering. [MIO 2] To contradict this testimony, Defense counsel introduced three photographs of the registration plate and its plastic covering. [MIO 2]

{3}     The State argues that the photographs do not contradict the deputy's testimony because they were taken on a different day and at a close distance and therefore "did not recreate the same circumstances under which the plates were illegible" to the deputy. [MIO 3] As such, the State argues that the district court erred in granting Defendant's motion to suppress because the deputy's uncontradicted testimony unquestionably provided reasonable suspicion for Defendant's failure to display his registration plate. [MIO 5] We are not persuaded.

{4}     As the State has recognized, our review of a motion to suppress requires that we review any factual questions under a substantial evidence standard. [MIO 3] *State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. "With respect to the factual review, we do not sit as trier of fact, recognizing that the district court has the best vantage from which to resolve questions of fact and to evaluate witness credibility." *Id.* As a result, we therefore "review the facts in the light most favorable to the prevailing party, deferring to the district court's factual findings so long as substantial evidence exists to support those findings." *Id.*

{5}     Applying this standard, we conclude that the evidence, including the photographs submitted as exhibits, suffice. Although the deputy testified that the license plate was not visible, the district court was not required to accept the deputy's testimony as true, and we may not substitute our view of the evidence for the district court's. *See State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 ("The court should not . . . replace the fact-finder's view of the evidence with the appellate court's own view of the evidence."). The State's memorandum in opposition has not asserted any facts, law, or argument that persuades this Court that our notice of proposed disposition was erroneous or that the district court erred. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**